United States Bankruptcy Court
Central District of California

In re:  Case No. 24-13099-WJ
Sevina Danielle Bega  Chapter 13
Ryan William Bega
    Debtors

# CERTIFICATE OF NOTICE

District/off: 0973-6    User: admin    Page 1 of 1
Date Rcvd: Jun 06, 2024    Form ID: pdf042    Total Noticed: 1

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jun 08, 2024:**

| Recip ID | Recipient Name and Address |
|---|---|
| db/jdb | Sevina Danielle Bega, Ryan William Bega, 5535 Apple Orchard Ln, Riverside, CA 92506-3338 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

## BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

## NOTICE CERTIFICATION

I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jun 08, 2024    Signature:    /s/Gustava Winters

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on June 6, 2024 at the address(es) listed below:

| Name | Email Address |
|---|---|
| Amitkumar Sharma | on behalf of Creditor Capital One Auto Finance a division of Capital One, N.A., c/o AIS Portfolio Services, LLC amit.sharma@aisinfo.com |
| Benjamin Heston | on behalf of Debtor Sevina Danielle Bega bhestonecf@gmail.com benheston@recap.email,NexusBankruptcy@jubileebk.net |
| Benjamin Heston | on behalf of Joint Debtor Ryan William Bega bhestonecf@gmail.com benheston@recap.email,NexusBankruptcy@jubileebk.net |
| Rod Danielson (TR) | notice-efile@rodan13.com |
| United States Trustee (RS) | ustpregion16.rs.ecf@usdoj.gov |

TOTAL: 5

**FILED & ENTERED**

**JUN 06 2024**

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY gooch    DEPUTY CLERK

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

RIVERSIDE DIVISION

| | |
|---|---|
| In re:<br><br>SEVINA DANIELLE BEGA and<br>RYAN WILLIAM BEGA,<br><br>                Debtors. | Case No.: 6:24-bk-13099-WJ<br><br>CHAPTER 13<br><br><br>**SCHEDULING ORDER** |

Commencing in March of 2020, the outbreak of COVID-19, also known as the coronavirus, spread throughout the country and the world. The federal courts closed that month and, except for a brief period of time in the summer of 2020, remained closed until April of 2021. During this period of time, the courts adapted and, in various ways, employed remote technology.

In particular, the court has used video technology to conduct chapter 13 confirmation hearings and status conferences. It appears this process has enhanced (considerably) the convenience of these matters for the parties and the court. Therefore, the court intends to continue conducting such matters by video for the foreseeable future.

However, for several reasons, video hearings should occur separately from other matters not handled by video. In other words, the court avoids conducting video hearings at the same time as in-person hearings. Video hearings should occur on separate days and at separate times.

Therefore, the Court hereby ORDERS as follows:

1. The status conference set for June 26, 2024 at 2:30 p.m. is hereby continued to October 28, 2024 at 1:00 p.m. The confirmation hearing currently scheduled for July 17, 2024 at 2:00 p.m. is hereby continued to October 28, 2024 at 1:00 p.m. Counsel for the debtors shall file and serve a notice of the continuance no later than June 13, 2024.

2. The meeting of creditors is currently scheduled for June 26, 2024. No later than fourteen days prior to this meeting of creditors (and all future meetings of creditors), the debtors shall comply with LBR 3015-1(m) and file and serve the secured debt payment history declaration required in this case. This topic is discussed in section III(L) on pages 32-35 of the procedures order in this case which counsel for the debtors should review.

3. If, after conducting the meeting of creditors, the trustee seeks dismissal of the case, the trustee should file and serve a request to dismiss the case by June 28, 2024 either in the form of (a) an objection to confirmation and a request to dismiss the case or (b) a motion to dismiss the case. If the trustee does so, the deadline for the debtors to respond to any request by the trustee to

- 2 -

dismiss the case filed by June 28, 2024 (whether as an objection to confirmation and a request to dismiss the case or a motion to dismiss the case) is July 5, 2024. Thereafter, the Court will review the pleadings and, in most instances, rule on the motion.

    4.    If the case is not dismissed after the meeting of creditors, then the following procedures apply:

    (a)    The trustee or any other party may file a motion to dismiss at any time or any other motions and the deadline for the debtors to respond to such motions shall be governed by the local rules.

    (b)    If the debtors own their current residence, they should file (no later than October 2, 2024) a secured debt payment history declaration demonstrating that they have made all monthly post-petition mortgage payments from the petition date through October 2024. If the debtors own their residence but it is not subject to any mortgage, the declaration can be very short (i.e. a sentence or two) that simply states as much. If the debtors reside at property they do not own, they should file (no later than October 2, 2024) a declaration demonstrating that they have made all monthly post-petition rent payments (with proof attached).[1]

    (c)    If the trustee supports confirmation then, after the debtors file the required pleading, the chapter 13 trustee should file, no later than October 9, 2024, a pleading stating as much and attach a worksheet with the proposed terms of confirmation. If the chapter 13 trustee does not support confirmation then, no later than October 9, 2024, the trustee should file a motion requesting dismissal which states all grounds for dismissal and includes a declaration in support of the motion. If the debtors have not made all post-petition mortgage or rent payments for all post-petition months, the trustee normally requests dismissal of the case. If, for any reason, the trustee does not do so, the proposed terms of confirmation must (i) include provisions to cure all post-petition arrearages (as well as any

---

[1] With respect to rent payments, in nearly all instances, post-petition obligations of assumed executory contracts or unexpired leases constitute administrative claims which must be paid in full pursuant to section 1322(a)(2).

pre-petition arrearage) and (ii) provide for conduit payments for the monthly payments for the rest of the case.

        (d)      The deadline for the debtors to respond to the trustee's pleading is October 16, 2024. If the trustee seeks dismissal, the debtors should file an opposition brief to the dismissal motion no later than October 16, 2024. If the trustee recommends confirmation, the debtors should state whether the debtors agree with the terms of confirmation proposed by the trustee.

        (e)      The Court will review the pleadings and may issue a ruling without holding hearings on October 28, 2024 that (i) continues the matter, (ii) dismisses the case or (iii) grants other relief depending on various factors including, but not limited to, whether or not an agreement exists regarding confirmation, and whether or not the debtors have timely made payments and provided documents to the trustee during the case. If no order is entered prior to October 28, 2024, all parties should check the Court's posted calendar the day before October 28, 2024.

IT IS SO ORDERED.

###

Date: June 6, 2024

Wayne Johnson
United States Bankruptcy Judge

- 4 -