**NEXUS BANKRUPTCY**
BENJAMIN HESTON (297798)
3090 Bristol Street #400
Costa Mesa, CA 92626
Tel: 949.312.1377
Fax: 949.288.2054
*ben@nexusbk.com*

Attorney for Debtors

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# RIVERSIDE DIVISION

| | |
|---|---|
| In re: | Case No: 6:24-bk-13099-RB |
| SEVINA DANIELLE BEGA, and | Chapter 13 |
| RYAN WILLIAM BEGA, | NOTICE OF HEARING AND OBJECTION TO CLAIM OF PINNACLE CREDIT SERVICES (Claim 1) |
| Debtors. | Hearing:<br>Date: June 18, 2025<br>Time: 2:00 PM<br>Courtroom: 303 |

TO: PINNACLE CREDIT SERVICES, LLC, THE CHAPTER 13 TRUSTEE, AND OTHER INTERESTED PARTIES:

NOTICE IS HEREBY GIVEN that a hearing on Debtors' Objection to the Claim of PINNACLE CREDIT SERVICES, LLC (hereinafter, "PINNACLE") has been set for June 18, 2025 at 2:00 PM in Courtroom 303 of the above-captioned court.

If you wish to oppose the objection, you must file your formal written response with the Court and mail a copy to the attorney for the Debtor not less than 14 days prior to the date of the hearing in accordance with local Bankruptcy Rule 9013-1(1)(g). Papers not timely filed and served may be deemed consent to the granting of the objection without further notice of hearing.

**STATEMENT OF FACTS**

A copy of the claim filed by PINNACLE to which Debtors object is attached hereto as Exhibits A. As indicated on the attachment to his claim, the last transaction on the account was more than four years prior to the bankruptcy being filed. Since PINNACLE never filed a lawsuit and more than four years elapsed from the date of the last transaction to the filing of this bankruptcy, this debt has been rendered unenforceable due to the running of the statute of limitations and it must be disallowed.

**MEMORANDUM OF POINTS AND AUTHORITIES**

Section 502(b)(1) provides in relevant part:

> **(b) …. if such objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that—**
>
> > **(1) such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured;**

California Code of Civil Procedure § 337 provides for the time limit for commencement of actions: "**Within four years - An action upon any contract, obligation or liability founded upon an instrument in writing…**"

A claim that is barred by the applicable statute of limitations is unenforceable under non-bankruptcy law and must be disallowed pursuant to 11 U.S.C. § 502(b)(1). See *In re Hess*, 404 B.R. 747 (Bankr. S.D.N.Y. 2009); *In re Chaussee*, 399 B.R. 225 (B.A.P. 9th Cir. 2008). Because the Debtors' bankruptcy case was filed on May 31, 2024, any claim where the last transaction occurred prior to May 31, 2020 is time-barred, unenforceable under applicable law, and must be disallowed. As noted on the claim filed by PINNACLE, the last transaction was more than 4 years prior to the petition date.

## **CONCLUSION**

For the reasons stated above, the claim filed by PINNACLE is unenforceable under applicable non-bankruptcy law due to the expiration of the statute of limitations. Pursuant to 11 U.S.C. § 502(b)(1), this claim must be disallowed in its entirety. The Debtors respectfully request that the Court sustain this objection and enter an order disallowing the claim of PINNACLE.

Nexus Bankruptcy

Date: May 5, 2025

/s/Benjamin Heston
Benjamin Heston,
Attorney for Debtor

### DECLARATION OF SEVINA BEGA

I, Sevina Bega, declare as follows:

1. I am one of the Debtors in this bankruptcy case. I have personal knowledge of all matters stated herein. On all matters stated on information and belief, I believe those allegations to be true. I could competently testify to the allegations contained herein.

2. I have reviewed the claim filed by PINNACLE. To the best of my knowledge, the information in the claim, including the account number and date of last transaction, appears to be true and accurate.

3. I have also reviewed the exhibit attached to this objection and it appears to be true and accurate.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: March 24, 2025



_____
SEVINA BEGA

# EXHIBIT A

**Fill in this information to identify the case:**

| | |
|---|---|
| Debtor 1 | SEVINA DANIELLE BEGA |
| Debtor 2 (Spouse, if filing) | RYAN WILLIAM BEGA |
| United States Bankruptcy Court for the: | CENTRAL District of CA (State) |
| Case number | 24-13099 |

Official Form 410

# Proof of Claim

04/22

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed.** That date is on the notice of bankruptcy (Form 309) that you received.

## Part 1: Identify the Claim

**1. Who is the current creditor?**
Pinnacle Credit Services, LLC
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**
☐ No
☑ Yes. From whom? Fourscore Resource Capital LLC

**3. Where should notices and payments to the creditor be sent?**
Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

Resurgent Capital Services
Name
PO Box 10587
Number   Street
Greenville, SC   29603-0587
City   State   ZIP Code

Contact phone (877) 264-5884
Contact email askbk@resurgent.com

Where should payments to the creditor be sent? (if different)

Name _____
Number   Street _____
City   State   ZIP Code _____
Contact phone _____
Contact email _____

Uniform claim identifier for electronic payments in chapter 13 (if you use one):
RSG-00248-612216928

**4. Does this claim amend one already filed?**
☑ No
☐ Yes. Claim number on court claims registry (if known) _____  Filed on ___/___/___  MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**
☑ No
☐ Yes. Who made the earlier filing? _____

Official Form 410    Proof of Claim    page 1

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

6. **Do you have any number you use to identify the debtor?**
   ☐ No
   ☑ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: __0001__ ____ ____ ____

7. **How much is the claim?**   $ __343.62__ .   **Does this amount include interest or other charges?**
   ☑ No
   ☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

8. **What is the basis of the claim?**

   Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

   Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

   Limit disclosing information that is entitled to privacy, such as health care information.

   __Telecom__

9. **Is all or part of the claim secured?**
   ☑ No
   ☐ Yes.   The claim is secured by a lien on property.

   **Nature of property:**
   ☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.
   ☐ Motor vehicle
   ☐ Other. Describe: _____

   **Basis for perfection:** _____
   Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

   **Value of property**:                           $_____
   **Amount of the claim that is secured:**        $_____

   **Amount of the claim that is unsecured:** $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

   **Amount necessary to cure any default as of the date of the petition:**   $_____

   **Annual Interest Rate** (when case was filed) _____%
   ☐ Fixed
   ☐ Variable

10. **Is this claim based on a lease?**
    ☑ No
    ☐ Yes. **Amount necessary to cure any default as of the date of the petition.**   $_____

11. **Is this claim subject to a right of setoff?**
    ☑ No
    ☐ Yes. Identify the property: _____

Official Form 410                             **Proof of Claim**                             page 2

12. **Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

    ☒ No

    ☐ Yes. Check one:   **Amount entitled to priority**

    ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).   $_____

    ☐ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).   $_____

    ☐ Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).   $_____

    ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).   $_____

    ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).   $_____

    ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies.   $_____

    \* Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment.

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

## Part 3: Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

Check the appropriate box:

☐ I am the creditor.

☒ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date   6/6/2024
                   MM / DD / YYYY

_/s/ Helga Ridgeway_
Signature

**Print the name of the person who is completing and signing this claim:**

Name   Helga Ridgeway
       First name    Middle name    Last name

Title  Claims Processor

Company  Resurgent Capital Services
         Identify the corporate servicer as the company if the authorized agent is a servicer.

Address  PO Box 10587
         Number    Street
         Greenville, SC    29603-0587
         City                        State    ZIP Code

Contact phone  (877) 264-5884     Email  askbk@resurgent.com

Official Form 410    **Proof of Claim**    page 3



PO Box 10587  
Greenville, SC 29603-0587

Phone: (877) 264-5884  
Email: askbk@resurgent.com

## Proof of Claim

### Account Supplemental Data

**Bankruptcy Case Information**

| | | | |
|---|---|---|---|
| **Case Number:** | 24-13099 | **District:** | CENTRAL DISTRICT OF CALIFORNIA |
| **Chapter:** | 13 | **Filer:** | SEVINA DANIELLE BEGA |
| **Petition Date:** | 05/31/2024 | **Co-Filer:** | RYAN WILLIAM BEGA |

**Creditor Information**

**Current Creditor\*:** Pinnacle Credit Services, LLC

**Original Creditor:** Verizon Wireless

**Alternative Names (if any) for this creditor:**

**Account Information**

**Account Number (redacted):** 0001

**Amount due as of the date of the Proof of Claim\*\*:** $343.62

| | | | |
|---|---|---|---|
| **Principal Balance\*\*:** | $343.62 | **Origination Date:** | 03/13/2007 |
| **Fees Balance\*\*:** | $0.00 | | |
| **Interest Balance\*\*:** | $0.00 | | |
| **Cost Balance\*\*:** | $0.00 | | |

---

**\*** Resurgent Capital Services services this account on behalf of the current creditor. Please send any bankruptcy or related notices on this account to our attention at the following address:

Resurgent Capital Services  
PO Box 10587  
Greenville, SC 29603-0587  
Telephone No. (877) 264-5884

**\*\*** The balance breakdown and itemization above reflects the amounts shown on Pinnacle Credit Services, LLC's business records.

UIC

| | |
|---|---|
| Resurgent Capital Services<br>PO Box 10587<br>Greenville, SC 29603-0587 | Phone Number:    (877) 264-5884<br>Email:    askbk@resurgent.com |

RE:  SEVINA DANIELLE BEGA
     RYAN WILLIAM BEGA

Case No:   24-13099

PROOF OF SERVICE

I certify that a copy of the foregoing documents was served upon the following persons electronically or by mail via the U.S. Postal Service, postage prepaid or by personal delivery, at their scheduled addresses on this day,  6/6/2024    .

CENTRAL DISTRICT OF CALIFORNIA
3420 Twelfth St
Riverside, CA 92501


Rod Danielson
3787 University Avenue
Riverside, CA 92501


BENJAMIN HESTON
3090 BRISTOL ST
STE 400
COSTA MESA, CA 92626-3063


   /s/ Helga Ridgeway
     Signature

Appendix C
To Closing Statement Dated April 22, 2010
Bill of Sale and Assignment of Accounts

The undersigned Assignor ("Assignor") hereby absolutely sells, transfers, assigns, sets-over and conveys to Fourscore Resource Capital, LLC ("Assignee") organized under the laws of Minnesota without recourse and without representations or warranties of any type, kind, character or nature, express or implied, except as provided in the Charged-Off Account Sale Agreement dated February 16, 2010 by and between Assignor and Assignee, all of Assignor's right, title and interest in and to each of the accounts identified in Appendix A, the Closing Statement dated April 22, 2010 (the "Purchased Accounts"), together with the right to collect all principal, late fees or other proceeds of any kind with respect to the Accounts remaining due and owing as of the Closing Date listed on the Closing Statement.

ASSIGNOR:
CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS and
its affiliates on behalf of VERIZON WIRELESS

By: _____
Its: DIRECTOR
Date: 4/22/10

## ASSIGNMENT

### FOURSCORE RESOURCE CAPITAL, LLC
### TO
### PINNACLE CREDIT SERVICES, LLC

FOURSCORE RESOURCE CAPITAL, LLC, a Minnesota limited liability company ("Fourscore"), for good, valuable and sufficient consideration, hereby assigns and transfers to PINNACLE CREDIT SERVICES, LLC, a Minnesota limited liability company ("Pinnacle") all of Fourscore's right, title and interest in and to each and every one of the Accounts identified on the attached Exhibit A.

IN WITNESS WHEREOF, Seller has signed and delivered this instrument on the 30th day of June, 2010.

FOURSCORE RESOURCE CAPITAL, LLC

By: _____
Robert Schofield
Chief Operating Officer

# LIMITED POWER OF ATTORNEY

KNOW ALL MEN BY THESE PRESENTS, THAT PINNACLE CREDIT SERVICES, LLC (the "Grantor") hereby designates RESURGENT CAPITAL SERVICES, L.P., with its offices at 55 Beattie Place, Suite 110, Greenville, SC 29601 ("Grantee") as Grantor's attorney-in-fact acting separately by or through any one or more of its respective directors, officers, managers, authorized employees or assignees, as the true and lawful attorney-in-fact for the Grantor and in the name, place and stead of the Grantor, with full power of substitution and revocation, with respect to any and all consumer credit accounts owned by Grantor as of the date of this agreement or acquired hereafter (the "Acquired Assets").

1. <u>Effective Date; Duration</u>. This limited power of attorney shall become effective April 18, 2016, to remain effective for the limited purposes set forth below until terminated by the Grantor or the duration of said limited power of attorney expires. This power of attorney shall continue until revoked or terminated in accordance with Paragraph 3.

2 <u>Powers.</u>

    a.    To submit to the Clerks and/or Trustees of the various United States Bankruptcy Courts proceedings the requisite documentation required to effect the filing of or transfer of the ownership of the Proof of Claim or Notice of Appearance previously submitted with respect to the account included within the Acquired Assets (the "Portfolio Assets") to Grantee or Grantee's nominee. This authority includes the authority to submit a Declaration of Transferee of Proof of Claim Pursuant to FRBP 3001 (e) and Request for Special Notice, as part of the Notice of Transfer process to be submitted by the Transferee pursuant to such rule.

    b.    To ask, demand, recover, collect, receive, hold and possess all money, debts, dues, goods, wares, merchandise, chattel paper, effects, bonds, notes, checks, drafts, accounts, bank and other deposits, interest, dividends, stock certificates, securities, certificates of deposit, insurance benefits and proceeds, documents of title, personal and real property, tangible and intangible property and property rights, liquidated, unliquidated or contingent, which now are or hereafter shall be or become due, owing, payable or paid to the Grantor solely with respect to the Acquired Assets, and upon receipt thereof or of any part thereof to make, sign, execute, and deliver such receipts, releases or other discharges for the same as said attorney-in-fact shall deem proper.

    c.    To use, sell, exchange, and acquire, access and receive, and to bargain, contract, and agree for the lease, exchange, and acquisition of, and to take, receive, possess and manage any current or former Property of the Grantor. "Property" shall include, solely with respect to the Portfolio Assets, the U.S. Mail, overnights, postal or other deliveries, and any other electronic communications via internet or otherwise and related contracts or licenses,

in each case only to the extent such Property was assigned to Sherman Originator III LLC under the Asset Purchase Agreement.

Pinnacle-Resurgent LPOA (April 18, 2016)

    d.      To market and sell, either at public or private sale, or exchange any part or parts of the Acquired Assets, including indebtedness or evidence thereof, including sales on credit, and for that purpose to execute and receive all promissory notes, bonds, mortgages, deeds of trust, security agreements, financing statements and such other documents or instruments as may be necessary or appropriate for the marketing, sale or exchange of any Acquired Assets, and to bargain, contract and agree with respect to the sale or exchange of such Acquired Assets; and to execute and deliver good and sufficient deeds, bills of sale, assignments, or other instruments or endorsements for the conveyance or transfer of the same; and to give receipts for all or any part of the purchase price or other consideration therefor.

    e.      To sign, endorse, present, collect, execute, acknowledge, deliver, receive and possess Grantor's bank accounts listed in Exhibit A.

    £.      To enter into subordination agreements, intercreditor agreements, reinstatement agreements, "stand-still" and "stand-by" agreements, modification agreements, forbearance agreements, and other contracts having the effect of subordinating, modifying, renewing, restructuring or otherwise altering the rights, obligations or liabilities of the Grantor, solely with respect to any Acquired Assets.

    g.      To assign any Acquired Asset to an attorney for consideration of litigation, filing of a lawsuit, or other lawful action,

    h.      To introduce, execute, or file any court document, affidavit or statement required to introduce account information, business records or to describe a transfer of ownership of any Portfolio Assets.

3. <u>Termination</u>. This instrument shall remain in force unless and until revoked in writing by Grantor, in Grantor's sole and absolute discretion.

4. <u>Reliance</u>. The attorney-in-fact and all persons dealing with the attomey-in-fact shall be entitled to rely upon this power of attorney so long as neither the attomey-in-fact, nor any person with whom the attomey-in-fact was dealing at the time of any act taken pursuant to this power of attorney, had received actual knowledge or written notice of the termination of the limited power of attorney by revocation or otherwise. Any action so taken, unless otherwise invalid or unenforceable, shall be binding on the Grantor and any assigns or transferee of the Grantor.

5. <u>Conies and Recordings</u>. The Grantor hereby authorizes the attomey-in-fact appointed hereunder, by or through any of its directors or officers or by any of its other employees who are duly authorized to act on behalf of the attomey-in-fact, to (i) certify copies of this Power of Attorney as being hue and correct, (ii) record originals and certified copies of this Power of Attorney, (iii) certify, deliver and record certified copies and originals of the Power of Attorney, together with such legal descriptions or street addresses attached.

          **[Signatures included on following page.]**

Pinnacle-Resurgent LPOA (April 18, 2016)

IN WITNESS THEREOF, Grantor has executed this Limited Power of Attorney on this 18th day of April, 2016.

Pinnacle Credit Services, LLC
By: _____
Name: Jon Mazzoli
Title: Authorized Representative

Witnessed by: Erin Ziegler
Name: Erin Ziegler

Resurgent Capital Services LP
By: _____
Name: Kevin Branigan
Title: Authorized Representative

Witness by: _____
Name: Dennis G. Graf

STATE OF SOUTH CAROLINA
COUNTY OF CHARLESTON

On this, the 18™ day of April, 2016, the foregoing instrument was acknowledged before me, a notary public, in and for the State of South Carolina by Jon Mazzoli and Kevin Branigan, both personally known to me, by me duly sworn, did say that he/she was a duly authorized signatory for the entities referenced above.

_____
Jaclyn Kohlhepp
Notary Public
My Commission Expires June 23, 2025

```
JACLYN KOHLHEPP
NOTARY PUBLIC
STATE OF SOUTH CAROLINA
MY COMMISSION EXPIRES
JUNE 23, 2025
```

Pinnacle-Resurgent LPOA (April 18, 2016)

**verizon** wireless

P.O. BOX 96088
BELLEVUE, WA 98009

Manage Your Account
My Verizon at www.verizonwireless.com

| | | |
|---|---|---|
| Account Number | | Date Due |
| | 4328- | Past Due |
| Invoice Number | | 0665614318 |

KEYLINE

SEVINA D MESA
4437 BIGEM CT
RIVERSIDE, CA 92501-1785

## Quick Bill Summary

May 16 – Jun 15

| | |
|---|---|
| Previous Balance *(see back for details)* | $343.62 |
| No Payment Received | $.00 |
| **Balance Forward Due Immediately** | **$343.62** |
| Taxes, Governmental Surcharges & Fees | $.00 |
| **Total Current Charges Due by July 10, 2008** | **$.00** |

**Total Amount Due** $343.62

### Verizon Wireless News

**My Account Is Now My Verizon!**
You still have access to the same great functionality and information. Now enjoy a great new look and easier navigation. Register online for My Verizon Advantage benefits today! Visit www.verizonwireless.com/myverizon.

Our records indicate your account is past due. Please send payment now to avoid service disruption.

| Pay from Wireless | Pay on the Web | Questions: |
|---|---|---|
| #PMT (#768) | My Verizon at www.verizonwireless.com | 1.800.922.0204 or *611 from your wireless |

---

VW

**verizon** wireless

| | |
|---|---|
| Bill Date | June 15, 2008 |
| Account Number | 4328- |
| Invoice Number | 0665614318 |

SEVINA D MESA
4437 BIGEM CT
RIVERSIDE, CA 92501-1785

**Total Amount Due**

Make check payable to Verizon Wireless.
Please return this remit slip with payment.

**$343.62**

$ ☐☐☐.☐☐

PO BOX 9622
MISSION HILLS, CA 91346-9622

☐ Check here and fill out the back of this slip if your billing address has changed or you are adding or changing your email address.

4328